Good morning your honors. Good morning. Helgen Eber from Great Falls, Montana on behalf of the appellant Mr. Faherty. I'd also like to reserve two minutes for rebuttal if necessary. Thank you. Given the recent order of this court, I think the most pressing issue in this case is the procedural framework in which it can be resolved or should be presented to be resolved. And we've been instructed to give a few viewpoints on the bombing decision and the guideline that it provides for mandamus relief in this matter as an alternative to the coronobus relief that was originally sought. And we had the same struggles in the court below. Stuart and I had lots of discussions how to craft this in a procedurally sound way. And at least my conclusion is that I think it would be suitable to interpret the relief requested as a mandamus request. And I will briefly address the bombing factors in that regard. The first one is the lack of an adequate remedy outside the... Mr. Eber, did you get a copy of the March 24, 2014 letter from Ms. Stuart? I did, yes, Your Honor. Well, then the only issue, the government's rolling over on three out of four elements of the vowment for mandamus. The only thing that they're discussing is and leaving for our consideration whether this is an oft-repeated error. I've never heard of a district judge taking away a probationer's right to a passport. Is this an oft-repeated error? Not in my experience, Your Honor, it isn't. I have looked at several cases that discuss the circumstances under which a passport can be confiscated or not renewed. And I don't think there's a statutory basis. Doesn't that preclude bomber relief if it's not an oft-repeated error? Well, what I believe or what I understand Bowman to say is that the effect is that the court, was concerned with inflating the range of writs that would lead to my court managing the courts below. And I don't believe that there's a case here. I have not seen or I cannot refer the court to a case that addresses this particular situation. It's not unusual for in a bail hearing to demand the passport of the defendant so he doesn't get away, so he doesn't fly. But probationer? I've never heard of that before. I have not either, Your Honor. And the issue here was... Do you have any cases, in answer to Judge Rollins' question, do you have any cases that say that the element of Bowman of oft-repeated error is a factor but not a requirement? I do not, Your Honor. Well, Bowman itself seems to say that these are guidelines and not all of them have to be met. So it's a matter of degree. I do have to agree with that. I think all those factors combined, there may be some that weigh heavier than others. How does your client achieve the relief he seeks, which is the return of his passport, other than by a grant of mandamus? For the alternative originally sought, the coram nobis relief, I think the only issue was there, whether there was an avenue to an appeal or not at the time. You know, about 30 or 40 years ago in Arizona, we went through all of these writs, coram nobis, mandamus, whatever, and under state law now in Arizona, they're all called simply a petition for special action. So you don't have to know which particular corner of ancient British jurisprudence applies. But there's no question this district judge had no authority to deny your client his passport, correct? That's true. And if this court doesn't tell him to give it back, your client's not going to get it. Is that right? It is. That's true, Your Honor. And it's not like he can go to the passport office and ask for a new one because everybody knows where it is, right? Yes. And I believe he would be in violation of the district court's order if he would even try. We contemplated that in the beginning as well. But he's no longer under the district court's jurisdiction, is he? Has he completed his? He has completed his original sentence and he has completed the revocation sentence, yes. So the only lingering effect of his criminal encounters is the permanent bar on international travel or the permanent bar on obtaining a passport. Let's hear from the government and you have some time to respond if you'd like. Thank you, Your Honor. Thank you. Good morning. May it please the court. I'm Paulette Stewart with the United States Attorney's Office. I'm an assistant United States attorney in the Helena office. And as Your Honor has mentioned, we did file a letter. I filed a letter on March 24th conceiving the first three Bowman factors. In this case, and as Judge Hawkins, you pointed out, procedurally we're in this word twilight zone because Mr. Faraday didn't pursue direct appeal. He didn't pursue a 2255. Quorum nobis doesn't seem proper. And so the court actually pointed at the parties to the possibility of the writ of mandamus. Then the United States concedes that basically the request should be The government did not request that the court permanently retain the passport. No, no. Basically, through the history of the case, after Mr. Faraday's arrest, he has served his time. He has served his time. He was revoked in full. There's no provision of extended supervised release. No, Your Honor. He is under, basically, he is no longer, other than this sentence, this order. Well, kind of marginally relevant to this proceeding, my reading of the record shows that he was a good inmate when he was incarcerated. Yes, sir. Yes, Your Honor. Even provided correctional officers with information about criminal activity by other inmates. Yes, Your Honor. Yes, Your Honor. So he is no longer under, he's not supervised. He basically was revoked in full. No supervised release to follow. We just have this remaining condition or statement about the availability or seeking the district court's permission to obtain his passport. And the government's not aware of any extant threat to the United States if he were allowed to leave the country? No. No, there is no current threat. There was, you know, his history, which, of course, was sorted. And that's really, I think, what led the district court's concern was Mr. Faraday's history, then his leaving the country during supervised release. And no, the government, I guess, to directly answer your question, no, the government did not request this condition or this order by the court, nor did any of the parties object to it or basically call the court on it at the time that the court issued the order either. To answer Judge Rawlinson's question, no, I don't think that this is an oft-repeated error. We do have defendants, especially subject, subsequent to this case, who during their supervised release or terms of pretrial release, either they turn in their passports or it's, they're not allowed to seek permission to obtain a passport. But I am not aware of any other cases where this has happened, where the court has basically ordered a defendant. With respect of the requirement of repeated error, while you were addressing the court, I was reading Bauman, and apparently there's a case that it cites with Donald Douglas, where the judge certified a class action under Rule 23b-1 after a decision of the Ninth Circuit contrary. Now, that seems to me to be a one-off. And they issued a writ of mandamus in that case. So does this inform us that perhaps the requirement of repeated error is a guideline that should be used to a judge who repeatedly does things wrong, but not necessarily a requirement that he does it more than once? Because in McDonald Douglas, the judge did it once. Your Honor, I think the oft-repeated error, as Judge Rawlinson said earlier, is one of the guidelines. I don't think it's a necessary condition for the court to grant it. From the mandamus cases I have gone through since the court's order, it seems to be that number three, whether the court's order is clearly erroneous as a matter of law, seems to be the necessary requirement. And the remaining four factors seem to be weighed by this court as to whether they favor or disfavor the issuance of the writ. But none of them, other than I guess number one at times, when there is the availability of a direct appeal or an alternate means to get there, none of the others seem to basically be the deciding factor, Your Honor. There are no other questions, Your Honor. I will sit down. It appears not. Thank you, counsel. Any rebuttal? Your Honor, it is very rare that the government and I agree on a position. And if the court doesn't have any further questions, I will rest. It appears not. Thank you. Thank you to both counsel. Case is submitted for decision by the court. Very unusual case.
judges: Hawkins, Rawlinson, Bea